Mario Pittoni, J.
Motion, pursuant to rule 106 of the Rules of Civil Practice, to dismiss the third-party complaint against Muriel Zabatta is granted.
The plaintiff is the holder, by assignment from the third-party defendant, Frost Electronics Corp., of a retail installment contract, and seeks to recover the balance of the monthly payments due thereon. The third-party complaint alleges the cancellation of the installment contract with the consent of Frost Electronics Corp. and before its assignment, and the subsequent execution of a new contract for the purchase of the same merchandise between Frost Electronics Corp. and Muriel Zabatta, the other third-party defendant. It appears that Muriel Zabatta is the defendant’s wife from whom he is allegedly separated. The third-party complaint further alleges the assignment of the contract to the plaintiff, after its cancellation, with knowledge on the wife’s part and with intent to defraud the defendant. The question of necessaries furnished to a wife is not relevant to the issues.
This motion is governed by decisions which hold that a claim-over is insufficient in law where it contains allegations which, if established, would preclude liability on the part of the original defendant (Coffey v. Flower City Carting & Excavating Co., 2 A D 2d 191, 192, affd. 2 N Y 2d 898). The claimover pleads, and the allegation must be deemed true on this motion, that the contract was voided by cancellation prior to its assignment. The plaintiff assignee thereby gained no greater rights than possessed by its assignor. Since there were none, the defendant cannot be liable to the plaintiff, and there can be no vicarious liability herein.